**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM EVANS, | Case No. 16-cv-07191-JSW |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO STRIKE** |
| HOME DEPOT U.S.A., INC., et al., | Re: Dkt. No. 9 |
| Defendants. | |

Now before the Court for consideration is the motion to strike filed by Defendants Wing Enterprises, Inc. dba Little Giant Ladder Systems and Home Depot, U.S.A., Inc. (collectively "Defendants"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the motion suitable for disposition without oral argument.[1] See N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for February 24, 2017, and it HEREBY DENIES Defendants' motion.

## BACKGROUND

Plaintiff alleges that his fiancée purchased a Little Giant ladder at Home Depot. (Notice of Removal, Ex. A, Compl. ¶ 11.) On March 6, 2016, while Plaintiff was using the ladder as an extension ladder, "the ladder flexed and bent at the hinge element, causing the ladder to collapse" while he was on it. Plaintiff fell and suffered "severe injuries, including multiple fractures." (*Id.* ¶ 13.) Plaintiff alleges the ladder suffered from manufacturing or design defects, and he also alleges

---

[1] Plaintiff filed two opposition briefs. (Dkt. Nos. 15, 19.) Because the second brief was filed after Defendants filed their reply, the Court has considered the first opposition on file, Docket No. 15.

United States District Court
Northern District of California

that Defendants were aware of these defects but failed to warn him of those defects.[2]

Based on these and other allegations, which the Court shall address as necessary, Plaintiff filed this Complaint and asserts claims against Defendants for products liability (design defect and manufacturing defect), failure to warn, products liability negligence, and violations of California's Unfair Competition Law, California Business and Professions Code sections 17200, et seq.[3] Plaintiff also asserts a claim for punitive damages, pursuant to California Civil Code section 3294.[4]

### ANALYSIS

Defendants move to strike the claim for punitive damages, set forth in paragraphs 45-52 of the Complaint and in paragraph 8 of the Prayer for Relief, pursuant to Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), a court may strike from a pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Immaterial matter "is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."  *Fantasy Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (internal citations and quotations omitted).  Impertinent material "consists of statements that do not pertain, and are not necessary, to the issues in question."  *Id.* (internal citations and quotations omitted).  "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."  *Whittlestone, Inc. v. Handi-Craft, Inc.*, 618 F.3d 970, 974-75 (9th Cir. 2010).

---

[2]     Plaintiff includes facts in his opposition that are not in his Complaint.  The Court has not considered those facts to resolve this motion.

[3]     Plaintiff filed the Complaint on November 4, 2016, in San Mateo County Superior Court. Defendants assert they were served on November 18, 2016, and they removed to this Court on December 15, 2016.  (Notice of Removal, ¶¶ 1, 8.)  It is undisputed that the parties are completely diverse.  Defendants assert that the amount in controversy exceeds $75,000 based on Plaintiff's allegations relating to the nature of the injuries and the type of damages he seeks.  Plaintiff has not challenged the Court's jurisdiction.  The Court concludes Defendant has met its burden to show the amount in controversy exceeds $75,000.  *See Standard Fire Ins. Co. v. Knowles*, __ U.S. __, 133 S.Ct. 1345, 1348-49 (2013).

[4]     Although styled as claim for relief, "[t]here is no cause of action for punitive damages. Punitive or exemplary damages are remedies available to a party who can plead and prove the facts and circumstances" outlined in Civil Code section 3294.  *Grieves v. Superior Court*, 157 Cal. App. 3d 159, 163-64 (1984) (internal quotations and citations omitted).

United States District Court
Northern District of California

Motions to strike are regarded with disfavor because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice. *Colaprico v. Sun Microsystems Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). A motion to strike should be resorted to only when the matter to be stricken could have no possible bearing on the issues in litigation. *LeDuc v. Kentucky Central Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). "Granting a motion to strike may be proper if it will eliminate serious risks of prejudice to the moving party, delay, or confusion of the issues." *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 271 (N.D. Cal. 2015) (citing *Fantasy, Inc.,* 984 F.2d at 1527-28). Ultimately, the decision as to whether to strike allegations is a matter within the Court's discretion. *Colaprico*, 758 F. Supp. at 1339.

Defendants argue Plaintiff's allegations are conclusory and are unsupported by facts that would support an award of punitive damages. In order to support a claim for punitive damages under California law, Plaintiff will be required to prove "by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice[.]" Cal. Civ. Code § 3294. "Conduct which may be characterized as unreasonable, negligent, grossly negligent or reckless does not satisfy the highly culpable state of mind warranting punitive damages." *Woolstrum v. Mailoux*, 141 Cal. App. 3d Supp. 1, 10 (1983). A plaintiff may recover an "award of punitive damages for a nonintentional tort where defendant's conduct which causes injury is of such severity or shocking character that it warrants the same treatment as that accorded to willful misconduct-conduct in which the defendant intends to cause harm," *i.e.* where it can be considered "wanton and reckless" or in "conscious disregard of the plaintiff's rights." *Nolin v. Nat'l Convenience Stores, Inc.* 95 Cal. App. 3d 279, 286 (1979).

Section 3294 defines malice as "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Section 3294 defines oppression as "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights." Section 3294 defines fraud as "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the

United States District Court
Northern District of California

3

1  defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

2  Plaintiff agues he alleges facts to support each of these standards.  Plaintiff recites these

3  statutory definitions in his Complaint.  (Compl. ¶¶ 47-48.)  Plaintiff also alleges Defendants'

4  knowingly concealed "damages and risks associated with the [ladder] knowing that Plaintiff and

5  the public would be using their ladders in activities and in situations in which a failure of the

6  ladder would result in catastrophic injury, including the risk of death" and that Defendants acted in

7  "conscious disregard of" Plaintiff's safety.  (*Id.* ¶¶ 48, 52; *see also id.* ¶ 51.a-b.)

8  Defendants have not moved to dismiss Plaintiff's substantive claims for relief, nor have

9  they moved to dismiss Plaintiff's request for damages under Rule 12(b)(6).  *See, e.g.,*

10  *Whittlestone*, 618 F.3d at 974.  Defendants have not shown that Plaintiff's request for punitive

11  damages is redundant, immaterial, impertinent or scandalous.  Plaintiff includes the facts that he

12  claims warrant an imposition of punitive damages and "malice, intent, knowledge and other

13  conditions of the mind may be alleged generally."  Fed. R. Civ. P. 9(b).  *Cf. Rees*, 308 F.R.D. at

14  273-74 (denying motion to strike where the plaintiff alleged the defendants' conduct was

15  "malicious and willful; in conscious disregard of the rights and safety of [p]laintiff in that the

16  actions were calculated to injure [p]laintiff," and concluding that "[e]ven if conclusory and

17  unsupported, such an averment of malice or fraudulent intent is sufficient to support a request for

18  punitive damages under Cal. Civ. Code § 3294(a) in federal court on a motion to strike").

19  Accordingly, the Court DENIES Defendants' motion to strike.

20  **IT IS SO ORDERED.**

21  Dated: February 21, 2017

22  _____

23  JEFFREY S. WHITE
United State District Judge

4